## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:08 cr 19

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LLOYD TEESATESKIE, JR. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a "Sealed Motion to Withdraw as Counsel" (#29) filed by the defendant's attorney Frank A. Abrams requesting permission to withdraw as counsel for the defendant. In the motion, Mr. Abrams argues that the defendant has attitude or mood changes which are interfering with Mr. Abrams' ability to represent the defendant. The defendant will advise Mr. Abrams that he thankful for the job that Mr. Abrams has done and then will criticize Mr. Abrams' work. Mr. Abrams further advises in his motion the defendant filed a "pro se" motion for relief before the district court which the district court has found totally devoid of merit and such actions, on behalf of the defendant, now have resulted in Mr. Abrams not being able to adequately represent the defendant in this matter. Upon the call of this matter on for hearing it appeared that the defendant was present, that Mr. Abrams was present and the Government was present and represented by Assistant United States Attorney Tom

Ascik and from the statements of Mr. Abrams and the statements of the defendant, the court makes the following findings:

**Findings:** Mr. Abrams is the third attorney who has represented Mr. Teesateskie in this matter. The Federal Defenders' Office was first appointed to represent the defendant. During a short period after this appointment the Federal Defender stated a conflict had been discovered and requested that another attorney be appointed. Attorney Tony Rollman of Asheville, NC was then appointed to represent the defendant and on July 14, 2008 Mr. Rollman filed a Motion to Withdraw as attorney for the defendant and this motion was allowed. Thereafter, Mr. Abrams was appointed by the court to represent the defendant. After Mr. Abrams' appointment, the defendant entered a plea on September 1, 2008. A Presentence Investigation Report was filed on November 17, 2008 to which Mr. Abrams promptly objected on November 24, 2008. (#22) A final Presentence Investigation Report was filed on December 17, 2008 and a sealed sentencing memorandum was filed on January 23, 2009. (#29) This matter is now set for a sentencing hearing before District Court Judge Lacy Thornburg for February 12, 2009 at 9:30 a.m. in the United States Courthouse in Bryson City, NC.

During the hearing, the undersigned made inquiry of Mr. Abrams as to why Mr. Abrams had moved to withdraw. The undersigned also made inquiry of the defendant

as to whether or not he desired that Mr. Abrams withdraw. The defendant told the court there had been a misunderstanding and he did not wish for Mr. Abrams to withdraw in regard to his representation of the defendant. This court assured the defendant that based upon the court's examination of the file, the work that Mr. Abrams had done upon the defendant's case, and upon the many appearances made before this court by Mr. Abrams, it was the opinion of the court that Mr. Abrams was working diligently to defend and represent the best interest of the defendant.

The undersigned further made inquiry of the defendant as to the authorship of a motion that was filed on February 3, 2009 entitled "Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Challenge to Jurisdiction and Request to Stay Sentencing Pending Jurisdictional Review" (#30). The court had examined the petition and was of the opinion that Mr. Teesateskie was not the author of that document. At first the defendant told the court he had authored the document but later, after the court made further inquiry, the defendant admitted the defendant's brother had hired someone in the state of Texas who had authored the document. The defendant declined to further identify the person. The undersigned told the defendant that the petition for writ of habeas corpus was baseless and if money had been paid to any person to prepare such a petition, the money had been wasted. The undersigned encouraged the defendant to cooperate with Mr. Abrams as it was

apparent Mr. Abrams had the best interest of the defendant at heart and was working as hard as he could to promote the defendant's best interest.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for Mr. Abrams to withdraw should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Inquiry as to any reason why the defendant does not wish for Mr. Abrams to represent him further; and (3) Whether or not there is such a conflict between the defendant and Mr. Abrams that is so great it results in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was filed on February 3, 2009. It was heard on February 6, 2009. There are only three business days that remain prior to the sentencing in this matter which is scheduled for February 12, 2009. Considering all days, including weekends and holidays, there are five days. It is the opinion of the undersigned there is not sufficient time within which to appoint another attorney to

be prepared for the sentencing of this matter on February 12, 2009. This factor must be weighed against granting the motion.

The undersigned has inquired as to whether or not there is a conflict between the defendant and Mr. Abrams. Based upon the discussion with the defendant, it appears that the defendant does not wish for Mr. Abrams to withdraw as his counsel in this matter. The court is of the opinion that Mr. Abrams has been performing his job in representing the defendant and has been diligent in protecting the rights of the defendant. A small degree of conflict, such as has been shown herein, must be weighed against allowing the motion of Mr. Abrams to withdraw.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Abrams that there is a total lack of communication between them preventing an adequate defense. It does not appear that such a conflict exists. As stated above, Mr. Abrams is an excellent attorney who has worked diligently in the matter on behalf of the defendant. The defendant's brother was ill-advised in obtaining what is clearly a person who does not have a valid law license or legal education to prepare the petition. The defendant was ill-advised to rely on statements by his brother. The fact that the defendant was duped by his brother does not show there is any conflict between Mr. Abrams and the defendant.

After considering all the factors, it appears there is not sufficient time before

sentencing to appoint other counsel for the defendant; as a request of the inquiry made by the undersigned the undersigned can find no good reason for the appointment of another attorney; and there does not appear to be a lack of communication between Mr. Abrams and the defendant that would prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an order denying the "Sealed Motion to Withdraw as Counsel" (#29).

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the motion of Frank A. Abrams entitled "Sealed Motion to Withdraw as Counsel" (#29) is hereby **DENIED.**

Signed: February 12, 2009

Dennis L. Howell
United States Magistrate Judge